IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDGAR FERNANDO BELTRAN-GARCIA,<br><br>                   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV625DAK |

      This matter is before the court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed July 5, 2011.  On December 13, 2006, after a three-day jury trial, Petitioner was found guilty of Counts 1, 2, 3, and 4 of the Indictment.  On October 25, 2007, the court sentenced Petitioner to 180 months in the custody of the Bureau of Prisons and 60 months supervised release.  Petitioner appealed.  On September 19, 2009, the Tenth Circuit Court of Appeals upheld Petitioner's convictions but remanded the matter for re-sentencing based on the finding that the district court denied the Petitioner allocation rights.  On August 23, 2010, Petitioner was re-sentenced to a term of 132 months in the custody of the Bureau of Prisons.  The court re-imposed all of the other conditions of the former sentence.

      The first four issues raised in Petitioner's § 2255 assert ineffective assistance of counsel by trial and appellate counsel.   Petitioner argues that at the close of evidence his trial counsel should have brought a Rule 29 motion as to each count in the Indictment because the

government's evidence was insufficient to sustain a conviction. Petitioner also argues that his appellate counsel was deficient in failing to raise this issue on direct appeal. Petitioner's claim that his counsel was ineffective requires him to show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996).

The trial transcripts in this case show sufficient evidence in the government's case-in-chief to support Petitioner's conviction. Petitioner has failed to point to specific facts or a lack of specific elements of the government's case that would have led to a directed verdict at the close of the evidence. During the trial, counsel for the co-defendant brought a Rule 29 motion that was denied. Arguably, the government's evidence against the co-defendant was weaker than the evidence against Petitioner. Petitioner has not demonstrated any probability that the court would have granted a Rule 29 motion. Based on the evidence presented at trial, there was no basis for Petitioner's to bring a Rule 29 motion. In addition, based on the transcripts of the trial, there was no basis for Petitioner's appellate counsel to raise the issue on appeal. Accordingly, the court concludes that trial counsel's decision not to bring a Rule 29 motion was not ineffective assistance of counsel and appellate counsel's failure to raise the issue on appeal was not ineffective assistance of counsel. Moreover, Petitioner has not demonstrated prejudice because there is no evidence to demonstrate that raising the motion or issue on appeal would have produced a different result. Therefore, Petitioner's motion is denied with respect to his ineffective assistance of counsel claims.

Next, Petitioner argues that the court erred in his second sentencing by failing to notify Petitioner of his right to appeal and his counsel was deficient in failing to alert the court that it failed to advise him of his right to appeal. At Petitioner's original sentencing, the court advised Petitioner of his right to appeal. And, Petitioner, in fact, exercised his right to appeal. After the case was remanded for re-sentencing, the court re-sentenced Petitioner stating, "Same conditions, same supervised release, the same everything else, except the sentence is 132 months." The court asked counsel if they thought he had to do anything else and counsel stated no.

A court's failure to advise a defendant of his right to appeal does not entitle him to relief if he knew of his right and thus suffered no prejudice from the omission. *Peguero v. United States*, 526 U.S. 23, 27 (1999). Based on Petitioner's prior appeal in the case and the court's statement that everything was the same, Petitioner knew of his right to appeal. Petitioner was not prejudiced because the court did not again inform him of that right at the second sentencing hearing. Additionally, Petitioner's counsel was not deficient in failing to raise the issue with the court. Accordingly, the court finds no basis for vacating, setting aside, or correcting Defendant's sentence on these grounds.

## CONCLUSION

Based on the above reasoning, Petitioner's motion under 28 U.S.C. § 2255 is DENIED and this case is DISMISSED.

DATED this 12th day of October, 2011.

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge